UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,

        -AGAINST-              <u>ORDER AND MEMORANDUM</u>
                                    05-CR-067-01(DRH)
CURTIS ALMAN,

                DEFENDANT.
------------------------------X
A P P E A R A N C E S:

For the Government:
    Benton J. Campbell
    United States Attorney
    Eastern District of New York
    One Federal Plaza
    Central Islip, New York 11722
       By: John J. Durham, A.U.S.A.

For Defendant:
    Grossman & Rinaldo
    Attorneys at Law
    108-18 Queens Blvd.
    8th Floor - Suite 5
    Forest Hills, New York 11375
       By: Stuart J. Grossman, Esq.

HURLEY, Senior District Judge

       By letter dated March 31, 2008, defendant has moved to

be resentenced pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §

1B1.10 (as amended effective March 3, 2008).

       Defendant pled guilty on January 19, 2007 with having

distributed 5 grams or more of cocaine base in violation of 21

U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B).  He was sentenced by

me on April 3, 2007 to 108 months of imprisonment to be followed

by four years of supervised release.  The government advises that

reference to the Bureau of Prisons' website indicates that

defendant's projected release date is January 13, 2015.

It is agreed by the parties that the motion is addressed to the Court's discretion. In exercising that discretion, the Court should view the factors listed in § 3553(a) in conjunction with the lowered guideline range triggered by the crack guideline amendment. Here, the initial guideline range in effect at the time of sentence was 135 to 168 months. The current adjusted advisory guideline range is 108 to 135 months. In the government's view, given that "the defendant has already received a sentence that is at the bottom of his Revised Guidelines range of 108 to 135 months [,] no further reduction of the defendant's sentence is either necessary or appropriate in light of the § 3553(a) factors." (Gov't's May 6, 2008 Letter Br. at 4.)

Defendant's initial sentence included a period of incarceration that was 27 months below the bottom end of the defendant's then applicable guideline range. Had the bottom of the range been 108 months at the time sentence was imposed rather than 135 months, I would have made a "comparabl[e]" downward adjustment from the 108 month figure, i.e. 21 months in imposing sentence. U.S.S.G. § 1B1.10, a.n. 3. Which is to say, having reviewed the original presentence report, the updated presentence report dated June 25, 2008, as well as the submissions of counsel, and having considered the factors listed in § 3553(a) together with the applicable policy statements issued by the

Sentencing Commission, defendant's motion is granted to the extent noted above.

In sum, the judgment imposed on April 3, 2007 is amended solely to the extent that the period of incarceration is reduced from 108 months to 87 months; in all other respects, the April 2007 sentence shall remain in full force and effect.

SO ORDERED.

Dated: Central Islip, New York
       February 23, 2009

DENIS R. HURLEY, U.S.D.J.