UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

CURTIS ALMAN,

----------------------------------------------------------X

**MEMORANDUM & ORDER**
05-CR-0671 (DRH)

CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC - 5 2011 ★
LONG ISLAND OFFICE

**HURLEY, Senior District Judge:**

On January 19, 2007, defendant Curtis Alman pled guilty before this Court to a charge of distribution, and possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)(iii). On April 3, 2007, this Court sentenced defendant to a term of 108 months imprisonment, to be followed by four years of supervised release. Presently before the Court is a motion by defendant seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The government has filed a written response opposing any such reduction. For the reasons set forth below, defendant's motion is denied.

## I. *Background*

The Presentence Investigation Report ("PSR") sets forth that defendant was held accountable for 106.35 grams of cocaine base. (*See* Gov't's Nov. 18, 2011 Letter, Ex. 1.) Pursuant to the November 1, 2006 United States Sentencing Guidelines Manual, in effect at the time of his sentence, defendant's base offense level was 32. Defendant received a two-level enhancement for possession of two firearms in connection with the drug distribution activities, which increased his base offense level to 34. Defendant then received a three-level reduction for acceptance of responsibility, thereby reducing his total offense level to 31. With a Criminal

History Category of III, the then-applicable advisory guideline range was 135 to 168 months incarceration. The Court, however, imposed a sentence of 108 months incarceration.

Effective November 1, 2007, the United States Sentencing Commission (the "Commission") promulgated Amendment 706, which modified the Drug Quantity Table set forth in Guideline § 2D1.1(c) and implemented a two-level reduction of the base offense levels for crack-cocaine offenses. In March 2008, Amendment 713 was enacted and, by its terms, added Amendment 706[1] to the list of amendments set forth in Guideline § 1B1.109(c) that could be applied retroactively as of March 3, 2008. *See United States v. Martinez*, 572 F.3d 82, 83 n.1 (2d Cir. 2009). By letter dated March 31, 2008, defendant moved to have his sentence reduced pursuant to 18 U.S.C.§ 3582(c)(2) and the amended guidelines. The government opposed defendant's application, arguing that "'the defendant has already received a sentence that is at the bottom of his Revised Guidelines range of 108 to 135 months" and, therefore, "'no further reduction of the defendant's sentence is either necessary or appropriate in light of the § 3553(a) factors.'" (Mem. & Order dated Feb. 23, 2009 at 2 (quoting Gov't's May 6, 2008 Letter at 4).)

The Court granted defendant's application for a sentence reduction. (*Id.*) After noting that defendant's original sentence "included a period of incarceration that was 27 months below the bottom end of the defendant's then applicable guideline range," the Court found that "[h]ad the bottom of the range been 108 months at the time sentence was imposed rather than 135 months, I would have made a 'comparabl[e]' downward adjustment from the 108 month figure, i.e. 21 months in imposing sentence." (*Id.*) Accordingly, the Court amended the April 3, 2007

---

[1] *See* U.S.S.G. App. C. Amend. 706 (effective Nov. 1, 2007); U.S.S.G. App. C. Amend. 713 (effective Mar. 3, 2008).

judgment to reduce the period of incarceration from 108 months to 87 months. (*Id.* at 3.)

## II. *The Parties' Contentions*

Defendant's present application seeks a further reduction of his sentence pursuant to the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010) ("FSA"). The FSA "substantially increased the amounts of crack required to trigger mandatory minimum penalties . . . ." *United States v. Rivera*, __ F.3d __, 2011 WL 5022734, at *7 n.10 (2d Cir. Oct. 21, 2011); *see also* 21 U.S.C. § 841(b)(1)(A)(iii) (2011). Further, the Commission promulgated Amendment 750,[2] which was given retroactive effect as of November 1, 2011. *See* U.S.S.G. § 1B1.10(c). Amendment 750 amended the Drug Quantity Table set forth in Guideline § 2D1.1(c), such that the amended base offense level for an offense involving at least 28 grams but less than 112 grams of cocaine base is now 26. *See* U.S.S.G. § 2D1.1(c)(7).

The government concedes that Amendment 750 applies to defendant such that, after calculating a two-level enhancement for firearms possession and a three-level reduction for acceptance of responsibility, "defendant's total offense level should be 25, which in conjunction with Criminal History Category III, yields an advisory Guidelines range of 70 to 87 months imprisonment." (Gov't's Nov. 18, 2011 Letter at 5-6.) The government argues, however, that the Court should exercise its discretion to deny defendant's requested sentence reduction for several reasons. First, the government asserts that "defendant has already received significant leniency from the Court," as well as from the government in connection with "substantial concessions" given at the time of his guilty plea and the government's decision not to charge him

---

[2] U.S.S.G., 2010 Supp. to App. C, Amendment 750 (effective Nov. 1, 2010).

with the firearms possession. (*Id.* at 7.) Moreover, defendant has been the subject of two disciplinary actions while incarcerated. (*See id.* at 8 (citing an undated memorandum from the Probation Department, which was submitted to the Court in response to the Court's Nov. 2, 2011 Order to Show Cause.) Finally, the government notes that defendant's current sentence of 87 months falls within the now-applicable guidelines range. (*Id.* at 8.)

### *III.* *Legal Standard*

"A district court may not generally modify a term of imprisonment once it has been imposed." *Martinez*, 572 F.3d at 84 (internal quotation marks omitted) (quoting *Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007)). However, Section 3582(c)(2) permits the Court, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . to reduce the term of imprisonment, after considering the factors set forth in Section 3553(a)." 18 U.S.C. § 3582(c)(2). The Supreme Court has articulated a "two-step inquiry" that must be conducted whenever a defendant requests a sentence reduction pursuant to Section 3582(c): (1) the Court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized," and, if the defendant is found eligible for reduction under step one, (2) the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 130 S.Ct. 2683, 2691-92 (2010).

### *IV.* *Defendant's Request is Denied*

As the government has conceded defendant's eligibility for a sentence reduction under

Section 3582(c), the Court proceeds to step two of the inquiry articulated in *Dillon*. Having reviewed the Court's February 23, 2009 Memorandum & Order granting defendant's request for a sentence reduction as a result of the 2007 crack cocaine amendments, and having reviewed the original PSR, the addendums to the PSR dated March 1, March 19, and March 28 2007, and June 25, 2008, as well as the submissions of the parties, and having considered the factors listed in § 3553(a) together with the applicable policy statements issued by the Commission, defendant's motion is denied.

In the alternative, defendant asks that the Court "allow defendant to petition this Court after [o]ne year of [supervised] release (that is if defendant[ ] demonstrates good conduct) to have his supervised release reduced."[3] (Def.'s Mot. at 4.) A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The government contends, and the Court agrees, that defendant's request is premature. (*See* Gov't's Nov. 18, 2011 Letter at 1-2.) In order for the Court to terminate defendant's supervised release term, it must be "satisfied" that such termination "is warranted by the conduct of the defendant released." *See* 18 U.S.C. § 3583(e)(1). Because defendant has not yet served the one year term provided for in Section 3583(e)(1), he cannot yet demonstrate the necessary "conduct of the defendant released." *See id.* Accordingly, defendant's request is denied as premature, without prejudice

---

[3] In his letter, defendant states that he "is scheduled to be released to a halfway house on January 3, 2012." (Def.'s Mot. at 3.) The government has submitted a report from the Bureau of Prisons indicating that defendant's projected release date is July 3, 2012. (Gov't's Nov. 18, 2011 Letter, Ex. 3.)

and with the right to renew at the appropriate time. *Accord United States v. Guess*, 541 F. Supp. 2d 399, 404 (D.Me. 2008).

Finally, by separate letter dated October 15, 2011, defendant requests that the Court appoint an attorney for him for the purpose of moving to reduce his sentence under Section 3582(c). As defendant has already filed the present motion, which appropriately frames the issue, his request for appointed counsel is denied.

## *CONCLUSION*

For the reasons set forth above, defendant's motion is denied. The Clerk of the Court is respectfully directed to serve defendant with a copy of this Memorandum & Order.

**SO ORDERED.**

Dated:   Central Islip, New York
            December 5, 2011

/s/
Denis R. Hurley
United States District Judge